```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
HARREN & PARTNER SHIP MANAGEMENT                              :
DE MEXICO S.A.P.I. ET AL.,                                    :
                                          Petitioners,        :       21 Civ. 5361 (LGS)
                                                              :
                    -against-                                 :       ORDER
                                                              :
AMERICAN BUREAU OF SHIPPING ET AL.,                           :
                                          Respondents.        :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Order dated June 18, 2021, required Respondents to show cause why an order should not issue temporarily restraining and preliminarily enjoining them from proceeding with an arbitration they have commenced against the Petitioners before the Society of Maritime Arbitrators.

WHEREAS, on July 2, 2021, Respondents filed a memorandum and five declarations in opposition to Petitioners' request for a preliminary injunction.

WHEREAS, on July 6, 2021, Petitioners filed a reply memorandum and supporting affidavit.

WHEREAS, "[a] party seeking a preliminary injunction must establish 1) a likelihood of success on the merits, 2) a likelihood of irreparable harm absent relief, 3) that the balance of equities was in its favor, and 4) that an injunction is in the public interest." *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 188 n.2 (2d Cir. 2019) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)) (upholding a preliminary injunction that barred defendant from pursuing claims against plaintiff in arbitration).

WHEREAS, Petitioners have established a likelihood of success on the merits. Petitioners argue that there is no arbitration agreement in force between them and Respondents.

Respondents argue that Petitioners are subject to an arbitration agreement under two bases. First, Respondents argue that Petitioners both (1) accepted and paid invoices and (2) received a certificate from Respondents that incorporate Respondents' rules, and the incorporation of those rules constitutes a valid agreement to arbitrate. Second, Respondents argue that Petitioners are estopped from denying an obligation to arbitrate because Petitioners are the direct beneficiaries of an arbitration agreement between Petitioners and third-parties.

      Petitioners have shown a likelihood of success as to Respondents' first argument. Petitioners Harren & Partner Ship Management de Mexico S.A.P.I. and Typhoon Offshore, S.A.P.I. de C. V. are corporations formed under the laws of the United Mexican States with their principal offices in Mexico. Under Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, when an arbitration agreement "involv[es] parties domiciled or having their principal place of business outside [the U.S.]" that agreement falls within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (Dec. 29, 1970) (the "Convention"). *Glencore Ltd. v. Degussa Engineered Carbons L.P.*, 848 F. Supp. 2d 410, 422 (S.D.N.Y. 2012) (alterations in original) (citing *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997)). Under the Convention, for an arbitration agreement to be enforceable, it must be an "agreement in writing." *Kahn Lucas Lancaster v. Lark Int'l*, 186 F.3d 210, 218 (2d Cir. 1999) (overturning an order granting a motion to compel arbitration because there was no "agreement in writing" under the Convention), *partially abrogated on other grounds by Sarhank Grp. v. Oracle Corp.*, 404 F.3d 657, 660 n.2 (2d Cir. 2005); *accord Glencore*, 848 F. Supp. 2d at 436. An arbitration "agreement in writing" is enforceable when it is "signed by the parties or contained in an exchange of letters or telegrams." *Kahn*, 186 F.3d at 218. The arbitration agreement identified by Respondents does not meet this requirement. Respondents

2

contend that the arbitration agreement was incorporated by reference in invoices and certificates sent to Petitioners. The invoices and certificates were sent to Petitioners after the Respondents performed services for Petitioners. The invoices and certificates were not signed by both parties. The invoices and certificates also do not appear to be an "exchange of letters or telegrams." *See AGP Indus. SA v. JPS Elastromerics Corp.*, 511 F. Supp. 2d 212, 215 (D. Mass. 2007) (holding that "the phrase 'exchange of letters or telegrams' suggests a level of interchange that is not present during a mere exchange of forms"); *Bothell v. Hitachi Zosen Corp.*, 97 F. Supp. 2d 1048, 1053 (W.D. Wash. 2000) (holding there was no "agreement in writing" under the Convention where, following oral agreement and letter confirmation, neither of which referred to arbitration, buyers sent purchase orders to seller attaching "General Terms and Conditions" that included a mandatory arbitration provision, to which seller never responded).

Petitioners have also shown a likelihood of success as to Respondents' second argument, the estoppel argument. Respondents argue that Petitioners are estopped from denying an obligation to arbitrate. Because Respondents have not shown that an arbitration agreement exists in relation to Petitioners or a third-party connected to Petitioners, then Petitioners cannot be estopped from denying an obligation to arbitrate. Other than the arbitration rule Respondents claim was incorporated in the invoices and certificates, Respondents identify an arbitration agreement entered in 2007 between Respondents and a third-party, COSCO Nantong Shipyard, but they do not argue any sufficient legal basis for finding that the agreement with COSCO estops Petitioners from denying an obligation to arbitrate.

WHEREAS, Petitioners have shown a likelihood of irreparable harm absent relief. Petitioners "would be irreparably harmed by being forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable."

*Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir. 2003) (citation omitted); *accord Perry St. Software, Inc. v Jedi Tech., Inc.*, No. 20 Civ. 04539, 2020 WL 6064158, at *7 (S.D.N.Y. Oct. 14, 2020).

WHEREAS, the balance of equities is in Petitioners' favor for two reasons. First, a preliminary injunction would preserve the status quo of pausing the arbitration during this litigation. Second, Respondents are not materially harmed by an injunction because, if Respondents prevail, they will not have lost their opportunity to arbitrate.

WHEREAS, "enforcing a private dispute resolution to which a party has not agreed is never in the public interest." *Perry St. Software*, 2020 WL 6064158, at *7 (citing *Goldman, Sachs & Co. v. Golden Empire Schs. Fin. Auth.*, 922 F. Supp. 2d 435, 444 (S.D.N.Y. 2013)). It is hereby

**ORDERED** that Petitioners' request to preliminarily enjoin the arbitration is GRANTED until the resolution of Petitioners' request to permanently enjoin the arbitration. It is further

**ORDERED** that the conference scheduled for July 8, 2021, at 4:30 p.m. is CANCELED. It is further

**ORDERED** that the parties shall submit a joint letter by July 14, 2021, proposing next steps for resolving this matter. If the parties cannot agree on a joint proposal, they shall submit a joint letter detailing their separate proposals.

Dated: July 7, 2021
   New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**